CASE 66—PETITION ORDINARY—SEPTEMBER 25.

# Lee vs. Louisville Pilot Benevolent and Relief Association.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

There is nothing in the charter or by-laws of the Louisville Pilot Benevolent Relief Association, approved February 22d, 1860, either unconstitutional or inconsistent with public policy or the laws of Kentucky. The presumed object of the tariff of fees, &c., provided for by the by-laws, was uniformity of charges, harmony, efficiency, and fidelity, and not unjust monopoly, or the extortion of exorbitant fees. The members of the association are liable for their proper dues.

JEFF. BROWN,                                    For Appellant,

CITED—

1 *Duvall*, 145; *Sayre vs. Louisville Union B., &c.*
*Charter and by-laws of the Louisville Pilot Benevolent and Relief Association.*

BRUCE & RUSSELL,                                For Appellees,

CITED—

1 *Duvall*, 143; *Civil Code, sec.* 125.
16 *B. Mon.*, 335; *Clark vs. Finnell.*
18 *B. Mon*, 60; *Francis vs. Francis.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT.

The appellant, sued in this action for unpaid dues as a member of the "*Louisville Pilot Benevolent and Relief Association,*" filed an answer of twenty-two paragraphs, a general demurrer to which was sustained, and thereupon judgment was rendered against him for the amount claimed in the petition.

This corporation was chartered by a legislative act, approved February 22d, 1860, for the defined purpose of affording "relief and assistance to its members in cases of sickness, death, or disability to work; and also in providing for the support of pilots' widows and orphans." And the charter gave the corporation "power to make such laws for the government of said association as shall seem best for them, from time to time, for the admission of members and *otherwise;* provided, however, such laws shall not be repugnant to the Constitution or laws of the State of Kentucky and public policy."

One of the by-laws provided that pilots only should be members of the association; another, that a majority of the company might fix "a tariff of wages;" another provided for widows, orphans, and funeral expenses of members; another imposed five per cent. on wages received; and another required each member "to pay into the treasury fifty cents per month as dues," for aiding the charitable end of the association.

The answer, in several of its paragraphs, pleads in various forms that the charter and some of the by-laws are unconstitutional or inconsistent with public policy; and if this defense be insufficient, the multiform answer presents no available defense.

The benevolent object certainly cannot be adjudged either unconstitutional, impolitic, or immoral; nor are the means provided for effectuating the contemplated charity liable to any such objection.

The presumed object of the tariff was uniformity of charges, harmony, efficiency, and fidelity, and not unjust monopoly, or the extortion of exorbitant fees. And neither the answer nor any other part of the record shows or even intimates that any unjust or impolitic monopoly has been secured or aimed at, or that any un-

reasonable tariff of charges has been prescribed. See the analogous case of *Sayre vs. The Louisville Benevolent Association*, 1 *Duvall*, 143.

We conclude, that, so far as this case is concerned, there is nothing in the charter or by-laws either unconstitutional or inconsistent with public policy or the laws of Kentucky.

And, consequently, as all the facts alleged in the petition to show the appellant's indebtedness and the amount of it as adjudged were admitted by the answer, the judgment is affirmed.